## Guill, et al. v. Paducah & Illinois Railroad Company, Albritton v. Rieke, Trustee, et al.

(Decided October 1, 1918.)

### Appeal from McCracken Circuit Court.

Election of Remedies—Damages—Rescission—Injunction.—Where a party sues for damages, rescission of the contract, and seeks an injunction in alternative pleas, and is awarded damages which he accepts, it will bar his right on appeal to have a reversal of the judgment appealed from, on the ground that a rescission of the contract and the injunctive relief sought was denied.

D. G. PARK for appellants, Guill and Albritton.

BRADSHAW, NICHOLS, McDONALD and W. M. HUSBANDS for appellee, West End Improvement Co.

WHEELER & HUGHES for appellees, Paducah & Illinois Rail road Company, Rieke, Utterback and Hughes.

Opinion of the Court by Judge Carroll—Affirming on original and cross appeal.

These two appeals, presenting substantially the same questions of law and fact, will be disposed of in one opinion. A good many years ago the West End Improvement Company laid off a tract of land into lots, streets and alleys, a plat of which was recorded in the clerk's office of the McCracken County Court, and thereafter, from time to time, sold lots in the subdivision, and until it sold a part of it to Zachary and Raymond, who described their purchase as "Colonial Heights." After this Zachary and Raymond sold a part of their purchase to Utterback, Rieke and Hughes, and thereafter the Paducah & Illinois Railroad Company proceeded to construct a line of railway through the property that had been laid off into lots by the West End Improvement Company, and Zachary and Raymond, and these suits were brought by Guill and his wife, and Albritton, purchasers of lots, asking the rescission of the contracts of purchase and the recovery of the amount they had paid for their lots and the cost of improvements, or, if they were not entitled to this relief then they asked damages, and that the railroad company be enjoined from occupying the right-of-way that it had purchased in described places for railroad purposes. These prayers for relief were in the alternative and the relief prayed for was

sought on the ground that after Guill and Albritton had purchased their lots and made improvements thereon the railroad company had, by the construction of its line of road, injured and destroyed the value of the lots by obstructing ingress and egress to and from them, and in other ways not necessary to set forth. On the trial of the cases the lower court gave Albritton a judgment against the railroad company for $1,500.00 damages for injury to his house and lot by reason of the location and construction of the railroad, but denied the rescission of the contract, and also the injunction sought against the railroad company. From so much of this judgment as denied his right to a rescission of the contract and to an injunction and as awarded him less damages than he claimed to be entitled to Albritton prosecutes this appeal; and the railroad company prosecutes a cross appeal from the judgment against it. Guill and his wife were given a judgment against the railroad company for $1,000.00, and their action, in so far as it sought a rescission of the contract and an injunction against the railroad company, was dismissed. From so much of this judgment as denied a rescission of the contract and refused an injunction, Guill and wife appeal, also complaining that the damages awarded were not adequate, and the railroad company prosecutes a cross appeal from the judgment against it.

An extended opinion in this case will be unnecessary because in the opinion handed down by us in Husbands v. Paducah & Illinois Railroad Company, that may be found in 176 Ky. 290, all the questions raised in this case were considered and disposed of. A reference to the opinion in that case and other like cases which were considered at the same time and disposed of in that opinion, will furnish a complete history of these cases and the rulings of this court on the law applicable thereto.

It appears from the record in these cases that Albritton and Guill have accepted the damages awarded them just as Yancey and Fowler accepted the damages awarded them in the case referred to. In considering the effect of the acceptance by Yancey and Fowler of the damages adjudged to them, which were considerably less than they each claimed, the court said: "But having accepted payment in satisfaction for a part, at least, of their claims for damages, was not that such an election as will preclude them from thereafter asserting right to

rescission or injunction? We think, unquestionably, that such a result must follow their acceptance of part payment of their claims for damages. Any other conclusion would be entirely illogical and could be sustained by no process of reasoning. Having elected to take damages under their contract, they cannot deny its validity, neither can they, having accepted damages in compensation for the injury done their lots, by the construction of the railroad, any longer ask to have the railroad removed. We, therefore, need consider upon the appeals of these appellants only the question of the court's findings as to the extent of their injuries.''

What was there said is conclusive of the question that Albritton and Guill, on these appeals, are foreclosed on all the questions they raise except the one concerning the amount of damages awarded them. Upon this issue there was much conflicting evidence, but we are not disposed to disturb the judgment of the chancellor or his findings of fact.

There is some merit in the cross appeals of the railroad company, but not sufficient, as we think, to justify us in granting the relief sought by it.

Wherefore the judgments are affirmed on the original and cross appeals.